## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F. Street, N.E.<br>Washington, DC 20549<br><br>          Plaintiff,<br><br>     vs.<br><br>RICHARD VECCHIA,<br><br>          Defendant. | Civil Action No.<br><br><br>**COMPLAINT** |

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") alleges:

### NATURE OF THE ACTION

1.      Defendant Richard Vecchia ("Vecchia") aided and abetted violations of the securities laws by authorizing an employee that he supervised to sign audit confirmation letters pertaining to U.S. Foodservice ("USF"), a wholly-owned subsidiary of Koninklijke Ahold N.V. ("Royal Ahold" or "Ahold"), that Vecchia knew, or was reckless in not knowing, were materially false.

2.      Ahold is a publicly-held company organized in The Netherlands with securities registered with the SEC pursuant to Section 12(b) of the Securities Exchange Act of 1934 ("Exchange Act").  Ahold's securities trade on the New York Stock Exchange and are evidenced by American Depositary Receipts.

3.      On or about October 17, 2003, Ahold filed its Form 20-F for the fiscal year ended December 29, 2002, which contained restatements for the fiscal years 2000 and 2001, corrected accounting adjustments for fiscal year 2002, and restated amounts for fiscal years 1998 and 1999

included in the five-year summary data.   The restatements indicate that, in its original SEC

filings and other public statements, Ahold had overstated:  (a) net income by approximately

17.6%, 32.6%, and 88.1% for the fiscal years 2000, 2001 and first three quarters of 2002,

respectively; (b) operating income by approximately 28.1%, 29.4%, and 51.3% for the fiscal

years 2000, 2001 and first three quarters of 2002, respectively; and (c) net sales by

approximately 20.8%, 18.6%, and 13.8% for the fiscal years 2000, 2001 and 2002, respectively.

Accordingly, Ahold made materially false and misleading statements in SEC filings and in other

public statements for at least fiscal years 2000 and 2001, as well as for the first three quarters of

2002.

    4.    One reason for these misstatements was a large-scale fraud at Ahold's subsidiary,

USF, a foodservice and distribution company with headquarters in Columbia, Maryland.  The

majority of USF's operating income was based on payments by its vendors (referred to herein as

"promotional allowances").  USF executives engaged in a scheme that materially inflated the

amount of promotional allowances recorded by USF and reflected in operating income on USF's

financial statements, which were included in Ahold's Commission filings and other public

statements.

    5.    USF executives also provided their independent auditors with false and misleading

information and personnel at many of USF's major vendors falsely confirmed overstated

promotional allowances to the auditors in connection with year-end audits.  Vecchia provided

substantial assistance in this process by authorizing an employee that he supervised to sign

materially false audit confirmation letters.

6.    The overstated promotional allowances aggregated at least $700 million for fiscal

years 2001 and 2002 and caused Ahold to report materially false operating and net income for

those and other periods.

### JURISDICTION AND VENUE

7.    The SEC brings this action pursuant to Sections 21(d) and 21(e) of the Exchange

Act [15 U.S.C. §§ 78u(d) and 78u(3)].

8.    This Court has jurisdiction over this action pursuant to Sections 21(e) and 27 of the

Exchange Act [15 U.S.C. §§ 78u(e), 78u-1(a)(1) and 78aa].  Defendant directly or indirectly

made use of the means or instrumentalities of interstate commerce, or of the mails, or the

facilities of a national securities exchange in connection with the transactions, acts, practices and

courses of business alleged herein.  Certain transactions, acts, practices and courses of business

that are the subject of this action, including Ahold's filing of materially false and misleading

statements with the SEC located in the District of Columbia, occurred within this District, and

venue is proper pursuant to Section 22(a) of the Securities Act and Section 27 of the Exchange

Act.

### DEFENDANT

9.    Richard Vecchia is the Vice President of Sales for Sugar Foods Corporation, which

sold sugar, sugar-substitutes, and other products to U.S. Foodservice.  Vecchia currently resides

in Agoura Hills, California.

### STATEMENT OF FACTS

10.    USF, a foodservice and distribution company with headquarters in Columbia,

Maryland, is a wholly-owned subsidiary of Ahold.  USF engaged in a scheme to report earnings

equal to or greater than its targets, regardless of the company's true performance.  The primary

method used to carry out this fraudulent scheme was to improperly inflate USF's promotional allowance income and record completely fictitious promotional allowances sufficient to cover any shortfall from budgeted earnings.

11.    The audit confirmation process at USF was systematically corrupted to help keep the fraud from being discovered. To hide the truth from the auditors, who attempted to confirm with the vendors the promotional allowance amounts paid and owed, USF convinced vendors like Vecchia to participate in the signing of audit confirmation letters even though the vendors knew, or were reckless in not knowing, that the letters were false.

12.    The promotional monies earned, paid and receivable stated in the confirmations were grossly inflated and in many cases were simply fictitious, having no relationship to the actual promotional allowances earned, paid or receivable.

13.    USF personnel contacted vendors and urged them to sign and return the false confirmation letters. In some cases, USF personnel pressured the vendor by, for example, falsely representing that the confirmation was just "an internal number" and that USF did not consider the receivable reflected in the confirmation to be an actual debt that it would seek to collect. In other instances, USF personnel sent side letters to vendors, assuring them that they did not, in fact, owe USF amounts reflected as outstanding in the confirmation letters.

14.    Vecchia knowingly provided substantial assistance to USF executives by authorizing an employee he supervised to sign materially false confirmation letters that were then sent to USF's independent auditors. For the audit of the year ending December 28, 2002, Vecchia reviewed a confirmation letter from USF stating, in part:

> In connection with the audit of our financial statements of U.S. Foodservice, Inc. (USF) for the year ended December 28, 2002, please confirm directly with our auditors, Deloitte & Touche, LLP, 100 South Charles Street, 12th Floor, Baltimore, Maryland 21201, the following with respect to Marketing and Merchandising Allowances offered by you to U.S. Foodservice as of December 28, 2002:

| | |
|---|---|
| Balance due to USF at December 29, 2001: | $ 5,181,420 |
| Less: Payments/Deductions made/allowed during 2002 | (8,576,937) |
| Plus: Allowances earned during 2002 | 13,150,000 |
| Ending Balance due to USF at December 28, 2002 | $ 9,754,483 |

At the end of the letter, and directly underneath the sentence "THE ABOVE INFORMATION IS CORRECT AS OF DECEMBER 28, 2002, except as noted below:" Vecchia authorized that employee to sign the letter, which was returned to USF's independent auditors without noting any exceptions.

15.     The amounts reflected as "Allowances earned during 2002" and "Ending Balance due to USF at December 28, 2002" were overstated by more than 200 percent and other amounts in the letter were also materially overstated.

16.     When Vecchia authorized the signing of the 2002 audit confirmation letter, he knew the information in the letter was materially false. In addition, Vecchia was also aware that his employee obtained from USF a side letter specifically denying that Sugar Foods was responsible for the amounts set forth in the confirmation.

17.     For the audit of the year ending December 29, 2001, Vecchia reviewed a confirmation letter from USF. It stated, in part:

In connection with the audit of our financial statements of U.S. Foodservice, Inc. (USF) for the year ended December 29, 2001, please confirm directly with our auditors, Deloitte & Touche, LLP, 100 South Charles Street, 12th Floor, Baltimore, Maryland 21201, the following with respect to Marketing and Merchandising Allowances offered by you to U.S. Foodservice as of December 29, 2001:

| | |
|---|---|
| Balance due to USF at December 30, 2000: | $ 1,253,078 |
| Less: Payments/Deductions made/allowed during 2001 | (1,592,049) |
| Plus: Allowances earned during 2001 | 5,440,083 |

| Ending Balance due to USF at December 29, 2001 | $ 5,100,313 |
|---|---|

At the end of the letter, and directly underneath the sentence "THE ABOVE INFORMATION IS CORRECT AS OF DECEMBER 29, 2001, except as noted below:" Vecchia authorized that the letter be signed without noting any exception.   The letter was then returned to USF's independent auditors.

18.    The amounts reflected as "Allowances earned during 2001" and "Ending Balance due to USF at December 29, 2001" were overstated by more than 100 percent and other amounts in the letter were also materially misstated.

19.    When Vecchia authorized the signing of the 2001 audit confirmation letter, he knew that the information in the letter was materially false.  In addition, Vecchia was also aware that the employee that he supervised obtained from USF a side letter specifically denying that Sugar Foods was responsible for the amounts set forth in the confirmation.

20.    By authorizing his subordinate to sign the materially false audit confirmation letters, Vecchia knowingly provided substantial assistance to the fraud at USF and helped conceal the fraud from the company's auditors.

21.    As a result of the schemes described above, USF materially overstated its operating income during at least fiscal years 2001 and 2002 and made false and misleading statements in filings with the Commission and other public statements.

## FIRST CLAIM FOR RELIEF

### Fraud

Aiding and Abetting Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]

22.    Paragraphs 1 through 21 are re-alleged and incorporated by reference.

23.    By reason of the foregoing, defendant knowingly provided substantial assistance to another who directly or indirectly, acting intentionally, knowingly or recklessly, by use of the means or instrumentalities of interstate commerce or of the mails, in connection with the purchase of securities:  (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices or courses of business which operated as a fraud or deceit upon other persons.

24.    By reason of the foregoing, defendant aided and abetted, and unless enjoined will continue to aid and abet, violations of Section 10(b) of the Exchange Act, and Exchange Act Rule 10b-5.

### SECOND CLAIM FOR RELIEF

Aiding and Abetting Violations of Section 13(a) of the
Exchange Act [15 U.S.C. § 78m(a)]

25.    Paragraphs 1 through 21 are re-alleged and incorporated by reference.

26.    The Exchange Act and rules promulgated thereunder require every issuer of a registered security to file reports with the SEC that accurately reflect the issuer's financial performance and provide other true and accurate information to the public.

27.    By reason of the foregoing, defendant aided and abetted violations of Section 13(a) of the Exchange Act.

## THIRD CLAIM FOR RELIEF

### Record Keeping

Aiding and Abetting Violations of Sections 13(b)(2)(A),
13(b)(2)(B) and 13(b)(5) of the Exchange Act [15 U.S.C.
§§ 78m(b)(2)(A),78m(b)(2)(B), and 78m(b)(5)] and Exchange
Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] Thereunder

28.     Paragraphs 1 through 2 are re-alleged and incorporated by reference.

29.     The Exchange Act and rules promulgated thereunder require each issuer of

registered securities to make and keep books, records, and accounts which, in reasonable detail,

accurately and fairly reflect the business of the issuer and to devise and maintain a system of

internal controls sufficient to provide reasonable assurances that, among other things,

transactions are recorded as necessary to permit preparation of financial statements and to

maintain the accountability of accounts.

30.     By reason of the foregoing, defendant aided and abetted, and unless enjoined will

continue to aid and abet, violations of Sections 13(b)(2)(A), 13(b)(2)(B), and 13(b)(5) of the

Exchange Act and Rule 13b2-1.

## **PRAYER FOR RELIEF**

WHEREFORE, the SEC respectfully requests that this Court enter a judgment:

a) permanently enjoining defendant from aiding and abetting any violations of
   Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B), and 13(b)(5) of the Exchange Act
   and Exchange Act Rules 10b-5 and 13b2-1;

b) ordering defendant to pay civil monetary penalties pursuant to Section 21(d)(3) of
   the Exchange Act in respect of his violations; and

c) granting such other relief as this Court may deem just and appropriate.

Dated: January _18_, 2007

Respectfully submitted,

Charles D. Stodghill (DC Bar No. 256792)
Scott W. Friestad
James T. Coffman
Roger Paszamant
Mathew B. Greiner (DC Bar No. 448480)

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC  20549
Telephone:  (202) 942- 4528 (Stodghill)
Facsimile:  (202) 942-9581 (Stodghill)

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

SECURITIES AND EXCHANGE COMMISSION

RICHARD VECCHIA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Los Angeles County, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

SEC, Charles D. Stodghill, 100 F Street, N.E.,
Washington, DC 20549-4010, (202) 551-4413

ATTORNEYS (IF KNOWN)

David Spears, Spears & Imes LLP, 51 Madison Avenue
New York, NY 10010, (212) 213-6996

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ⦿ 1 U.S. Government Plaintiff
- ◯ 2 U.S. Government Defendant
- ◯ 3 Federal Question (U.S. Government Not a Party)
- ◯ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◯ 1 | ◯ 1 | Incorporated or Principal Place of Business in This State | ◯ 4 | ◯ 4 |
| Citizen of Another State | ◯ 2 | ◯ 2 | Incorporated and Principal Place of Business in Another State | ◯ 5 | ◯ 5 |
| Citizen or Subject of a Foreign Country | ◯ 3 | ◯ 3 | Foreign Nation | ◯ 6 | ◯ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**◯ A. Antitrust**

- ☐ 410 Antitrust

**◯ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**◯ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)
Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**◯ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**⦿ E. General Civil (Other)    OR    ◯ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☒ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| **G. Habeas Corpus/ 2255** | **H. Employment Discrimination** | **I. FOIA/PRIVACY ACT** | **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| **K. Labor/ERISA (non-employment)** | **L. Other Civil Rights (non-employment)** | **M. Contract** | **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Aiding & abetting violations of 15 U.S.C. 78j(b), 78m(a), 78m(b)(2)(A), 78m(b)(2)(B)m 78m(b)(5) and 17 C.F.R. 240.10b-5 and 240.13b2-1

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE Jan. 18, 2007   SIGNATURE OF ATTORNEY OF RECORD  *Charles D. Shipley*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.